# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

#### AT THE

## MARCH TERM, 1917.

---

### SMITH *et al. v.* DALTON *et al.*

ATKINSON, J. James M. Smith, a resident of Oglethorpe county, died intestate, without leaving a widow or parent or lineal descendant. He was engaged actively in business, principally in farming, and left an estate consisting of real and personal property valued in the aggregate at more than one million dollars, none of which was located in Habersham county. There developed several sets of adverse claimants to the estate, each set claiming to be collateral heirs to the intestate, the claims being based on different contentions as to the parentage of the deceased. Certain persons alleging themselves to be creditors were, upon application, appointed by the ordinary of Oglethorpe county temporary administrators. Some of the same persons, alleging themselves to have been selected by one of the classes of claimants to heirship, applied to the ordinary for permanent letters of administration. Representatives of two of the other classes of claimants to heirship filed caveats to such appointment. Representatives of a fourth class instituted an equitable action in the superior court of Habersham county, alleging, among other things, all that is stated above; fraud on the part of the temporary administrators in obtaining their appointment; mismanagement of the estate by them; disqualification of the ordinary; impracticability, on account of the character and amount of the estate, of administering it through the instrumentality of administrators in the court of ordinary; avoidance of a multiplicity of actions, and advantage to all persons concerned to have the several claims to the estate settled in one action, and the estate administered in equity. It was prayed, that the temporary administrators be enjoined from interfering with the property of the estate; that the applicants for permanent letters of administration and the class of claimants who nomi-

nated them, the caveators to such appointment, and the ordinary be enjoined from further proceeding in the matter of appointment of permanent administrators; that receivers be appointed to take charge of the estate and administer and distribute it in accordance with the orders and the decree of the court; and that all of the several classes of claimants be made parties. On the contention that the action was in the nature of equitable partition, and in order to get jurisdiction in Habersham county, it was alleged that some of the plaintiffs and certain of the defendants who filed caveats to the appointment of permanent administrators in the court of ordinary were residents of Habersham county. There were no other facts relied on to draw the venue to that county. By demurrer and plea objection was duly made, among other things, to the want of jurisdiction of the court. On the interlocutory hearing the judge granted a temporary injunction and appointed receivers as prayed, and exception was taken to this judgment. *Held:*

The jurisdiction to administer on the estate was in Oglethorpe county, where the intestate resided at the time of his death. The fact that certain of the plaintiffs alleged to be heirs of the intestate, and some of the defendants who objected to the appointment of administrators in the court of ordinary, resided in Habersham county, was insufficient to draw to that county jurisdiction to enjoin the proceedings in the court of ordinary of Oglethorpe county, and to administer the estate in equity.

(a) As the court was without jurisdiction, it was erroneous to grant an injunction and appoint a receiver.

(b) Under the circumstances it is unnecessary to deal with other questions involved in this case.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
MARCH 13, 1917.

Injunction and receiver. Before Judge Jones. Habersham superior court. September 13, 1916.

*Hamilton McWhorter, Horace M. Holden, Cobb, Erwin & Rucker, Sibley & McWhorter, Tye, Peeples & Tye, E. F. Nall,* and *Paul Brown,* for plaintiffs in error.

*W. A. Charters, W. W. Stark, E. C. Stark, W. D. Martin, G. P. Martin, W. A. Stevenson, H. H. Perry, Davis & Davis,* and *James & Bedgood,* contra.